IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | CASE NO. 8:13CR137 |
|---|---|---|
| Plaintiff, | ) | |
| | ) | **BRIEF IN SUPPORT OF MOTION** |
| v. | ) | **TO SUPPRESS** |
| | ) | |
| PATRICK J. KEENAN, | ) | |
| | ) | |
| Defendant. | ) | |

### Facts

On August 17, 2012, law enforcement Officer Holtmeyer observed a Mercury Mountaineer driven by Patrick Keenan in Omaha, Nebraska cross over the painted center lane dividing lines. The officer conducted a traffic stop of the vehicle. Holtmeyer approached the car and made contact with Mr. Keenan. Keenan who told Holtmeyer that he was driving on a suspended licence. Holtmeyer told Keenan to get out of the car and immediately conducted a pat-down search. Holtmeyer's report indicates that he felt 2 bags of an "unknown substance". Holtmeyer reached into Keenan's pocket and removed 2 bags of 2.1 grams of methamphetamine.

### Argument

A law enforcement officer may conduct a Terry protective search, limited to what is necessary to discover weapons that may harm the officer. However, the officer must first have reason to believe that the individual may be armed and dangerous before the pat-down search is conducted. United States v. Davis, 457 F.3d 817, 822 (8th Cir. 2006). The Rule 16 discovery provides no evidence that Mr. Keenan may have a weapon. As a result, this is an unlawful Terry pat-down.

An officer who conducts a lawful Terry pat-down over a suspect's outer clothing may seize any "object whose contour or mass makes its identity immediately apparent" as a weapon or incriminating evidence or contraband. See Minnesota v. Dickerson, 508 U.S. 366, 375 (1993). The "plain feel" exception of Dickerson applies to "any incriminating evidence" and not just contraband. United States v. Bustos-Torres, 396 F.3d 935, 944 (8th Cir. 2005). An item is "immediately apparent" if the officers have "probable cause to associate the property with criminal activity". Texas v. Brown, 460 U.S. 730 at 741-42 (1983). The Eighth Circuit clarified the Brown decision in United States v. Cowan, 674 F.3d 947 (8th Cir. 2012). Law enforcement officers were executing a search warrant and found Cowan inside. The officer conducted a proper Terry pat-down and immediately recognized an object in the defendant's pocket as keys. The search warrant authorized the seizure of keys as indicia of occupancy or ownership of the premises. Id. at 953. The Court followed the test that it is proper to search an individual following a pat-down search if "the facts available to the officer would warrant a man of reasonable caution in his belief that certain items may be contraband or useful as evidence of a crime." Brown 460 U.S. at 742. Here, however, Officer Holtmeyer failed to meet this standard.

Officer Holtmeyer's report indicates that he felt two bags of an "unknown substance." Because Holtmeyer could not immediately identify the bag as contraband, the removal of the bags from Mr. Keenan's pocket was an unauthorized and unlawful extension of the Terry search.

## Conclusion

Officer Holtmeyer had no reason to believe that Mr. Keenan had any weapons that may endanger the officers. As a result, it was improper for the officer to conduct any pat-

down of Mr. Keenan.  Even if such pat-down was authorized, Officer Holtmeyer was not able to identify the object in Mr. Keenan's pocket as contraband.  This does not satisfy the requirements set out in Dickerson and because the search exceeded the limits of a Terry pat-down search, the evidence located in Mr. Keenan's pocket and subsequent search of his vehicle produced unlawfully obtained fruits.

PATRICK J. KEENAN, Defendant,

By:    s/ Shannon P. O'Connor
**SHANNON P. O'CONNOR**
**First Assistant Federal Public Defender**
222 South 15th Street, Suite 300N
Omaha, NE 68102
(402) 221-7896
Fax: (402) 221-7884
e-mail: shannon_o'connor@fd.org

## CERTIFICATE OF SERVICE

    I hereby certify that on June 21, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:  Martin Conboy, IV, Assistant United States Attorney, Omaha, NE.

s/ Shannon P. O'Connor