IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | 8:13CR137 |
|---|---|---|
| Plaintiff, | ) | |
| | ) | **UNITED STATES' RESPONSE** |
| vs. | ) | **TO DEFENDANT'S MOTION TO** |
| | ) | **SUPPRESS EVIDENCE** |
| PATRICK J. KEENAN, | ) | |
| Defendant. | ) | |

COMES NOW the United States of America, by and through the undersigned Special Assistant United States Attorney for the District of Nebraska, Martin J. Conboy IV, and hereby responds to the Defendant's Motion to Suppress and Request for Evidentiary Hearing and Oral Argument, and asks that it be denied.

## FACTS

On August 17, 2012, at approximately 10:51 p.m., Officer James Holtmeyer (hereinafter "Holtmeyer") with the Omaha Police Department was on patrol in the area of 40th Street and Paxton Blvd. While traveling eastbound on Paxton Blvd., Holtmeyer observed a vehicle drive over the center lane dividing lines multiple times. A traffic stop was conducted and the driver was identified as Patrick Keenan. During the initial contact with Keenan, Holtmeyer observed an open container of alcohol. Keenan was asked for his driver's license, and he responded that his license was suspended. Keenan was removed from the vehicle. A pat down search of Keenan was done prior to Keenan being placed in Holtmeyer's cruiser. Holtmeyer felt two bags in

1

Keenan's front right pocket and they were removed. Both bags contained methamphetamine. In Keenan's wallet was $846. The vehicle was searched further and an additional scale with methamphetamine was located in a backpack belonging to Keenan.

## ARGUMENT

Holtmeyer had probable cause that a crime was committed. Because probable cause did exist, any search of Keenan's person was permissible as a search incident to arrest. Keenan argues that the detention was an investigatory detention, and that the search exceeded the bounds of Terry. However, because Holtmeyer observed the open liquor container in the vehicle and was told by Keenan that he was a suspended driver, this argument is without merit.

When the seizure of an individual amounts to an arrest, it must be supported by an arrest warrant or by probable cause. Kaupp v. Texas, 538 U.S. 626, 630 (2003). Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest. Maryland v. Pringle, 540 U.S. 366, 371 (2003). A "probability or substantial chance of criminal activity, rather than an actual showing of criminal activity, is sufficient." United States v. Jones, 535 F.3d 886, 890 (8th Cir. 2008)(internal quotation and citation omitted).

Searches conducted outside the judicial process are *per se* unreasonable, subject to a few "specifically established and well-delineated exceptions." Arizona v. Gant, 556 U.S. 332, 38 (2009). Among the exceptions is a search incident to a lawful arrest. Id. "A search incident to arrest may lawfully extend to the arrestee's person and the area within his immediate control." United States v. Perdoma, 621 F.3d 745 (8th Cir. 2010).

In the present case, during the initial contact Holtmeyer observed an open liquor bottle in Keenan's vehicle. This is a violation of Neb. Rev. Stat. § 60-6211.08. In addition, Keenan told Holtmeyer that he was a suspended driver. This a violation of Neb. Rev. Stat. § 60-4108. After observing these crimes, Holtmeyer removed Keenan from his vehicle. At this point the search of Keenan was completed, resulting in the recovery of the methamphetamine. Because the search followed the observations of criminal activity, the search was done incident to Keenan's arrest. As such, no Fourth Amendment violation occurred.

## **Conclusion**

For the reasons stated above, the United States prays that the Defendant's motion be denied.

UNITED STATES OF AMERICA,
Plaintiff

DEBORAH GILG
United States Attorney


By: s/ Martin J. Conboy IV
    Martin J. Conboy IV (#22257)
    Special Assistant United States Attorney
    1620 Dodge Street, Suite 1400
    Omaha, Nebraska 68102-1506
    (402) 661-3700

**CERTIFICATE OF SERVICE**

      I, the undersigned, do hereby certify on July 9, 2013, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

Shannon O'Connor
Attorney at Law

                                                    s/ Martin J. Conboy IV
                                                    Martin J. Conboy IV
                                                    SPECIAL ASSISTANT U.S. ATTORNEY